UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MWAMBA M. RUFFIN,           ) | |
|     Plaintiff,               ) | |
|                                ) | |
| v.                          ) | Case No. 24-4059 |
|                                ) | |
| CHASE WILHEM, *et al.*,     ) | |
|     Defendants.              ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Mwamba Ruffin, proceeding *pro se* and currently incarcerated at Pontiac Correctional Center ("Pontiac"), filed a Third Amended Complaint under 42 U.S.C. § 1983 alleging violations of his First Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1(a). (Doc. 43).

**I.     Screening Standard**

The Court must "screen" Plaintiff's Third Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Third Amended Complaint, the Court accepts the factual allegations as accurate, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

1

## II. Facts

Plaintiff's allegations occurred at Hill Correctional Center ("Hill") and Pontiac. Plaintiff files suit against Chase Wilhelm (IDOC Chief Chaplain), Mark N. Williams (Warden at Hill), and Ryan Roberts (Sergeant at Hill).

Plaintiff alleges he is a practicing Messianic Hebrew Israelite. When Plaintiff was transferred to Hill in November 2022, he submitted several requests to the Warden's and Chaplain's Offices for a kosher diet and a single-man cell to safely practice his sincerely held religious beliefs, but he did not receive a response.

In January 2023, Plaintiff spoke with Defendant Sergeant Roberts, the Temporary Assigned Chaplain, and asked why he did not reply to his requests. Defendant Roberts allegedly told Plaintiff he did not have time because he worked other shifts. On January 18, 2023, Defendant Warden Williams replied to one of Plaintiff's letters, but he did not address his requests for religious accommodations.

Plaintiff alleges he was forced to modify his behavior against his Hebrew beliefs and Torah Commandments and purchase food from the commissary to comply with Hebrew dietary laws.

In March 2023, Plaintiff alleges he "requested to have his name on the Passover 2023 Hebrew holiday and a Passover lamb dinner." (Doc. 43 at p. 6). When Plaintiff asked Defendant Roberts if his name had been added to the list, Defendant Roberts stated, "It should be." *Id.* Plaintiff also asked Defendant Roberts why he had not been placed on the kosher diet list. Plaintiff claims Defendant Roberts replied that he would "look into it," but he never did. *Id.*

When Passover 2023 began, Plaintiff went to the dietary to eat and was told that his name was not on the Passover lamb dinner or kosher diet lists. When Plaintiff asked Defendant Roberts why his name was not on the list, he informed Plaintiff that he no longer worked in the chapel.

On April 4, 2023, Plaintiff wrote a letter and sent a request to Defendant Warden Williams, but he allegedly refused to help Plaintiff and denied him a kosher diet and Passover meal.

In August 2024, Plaintiff was transferred to Pontiac. (Doc. 14). Plaintiff claims Defendant Chief Chaplin Wilhelm "is still refusing to do his job" because Plaintiff is "dealing with these same violations" at Pontiac. (Doc. 43 at pp. 8-9). Plaintiff alleges that he is forced to purchase kosher food items from the commissary because he has not received a kosher diet at Pontiac.

### III. Analysis

Individuals in custody have a First Amendment right to reasonable opportunities to practice their religion, subject to the legitimate penological concerns of the prison. *Maddox v. Love*, 655 F.3d 709 (7th Cir. 2011); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Isby-Israel v. Lemmon*, No. 13-172, 2016 WL 3072177, at *4 (S.D. Ind. June 1, 2016) (internal quotation omitted). "[A] substantial burden on the free exercise of religion ... is one that forces adherents of a religion to refrain from religiously motivated conduct, inhibits or constrains conduct or expression that manifests a central tenet of a person's religious

3

beliefs, or compels conduct or expression that is contrary to those beliefs." *Id.* (quoting *Koger v. Bryan*, 523 F.3d 789, 798-99 (7th Cir. 2008)). Denying an inmate access to a diet that is required by his religion places a substantial burden on the inmate's free exercise rights. *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016); *Nelson v. Miller*, 570 F.3d 868, 879 (7th Cir. 2009) ("[A] prisoner's religious dietary practice is substantially burdened when the prison forces him to choose between his religious practice and adequate nutrition.").

Based on his allegations, the Court finds that Plaintiff has stated a First Amendment claim against Defendants Wilhelm, Williams, and Roberts, in their individual capacities, for failing to accommodate his requests for a kosher diet at Hill.

Plaintiff has also stated a First Amendment claim against Defendants Williams and Roberts, in their individual capacities, for allegedly denying his requests to participate in the Passover meal or Passover lamb dinner in 2023. (Doc. 43 at p. 6). However, Plaintiff's allegations are insufficient to state a claim against Defendant Wilhelm regarding the Passover meal at Hill, as it does not appear that he was aware of or responsible for denying Plaintiff's requests to participate in the meal. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff cannot sue Defendant Wilhelm based solely on his supervisory role as Chief Chaplain, as there is no *respondeat superior* liability under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff also alleges he requested a single-man cell to safely practice the tenets of his religion, but Defendants either ignored or denied his requests. Plaintiff fails to identify either an inability to practice, or a substantial burden on his religious exercise due to his cell arrangement. *See Isby-Israel*, 2016 WL 3072177, at *4; *Korte v. Sebelius*, 735 F.3d 654, 671 (7th Cir. 2013) (governmental action burdens religious exercise if it "bears direct, primary, and fundamental responsibility for rendering a religious exercise ... effectively impracticable"). Plaintiff's claim regarding the denial of a single-man cell is dismissed without prejudice.

Plaintiff also alleges Defendants violated RLUIPA, which provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, … even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

§ 2000cc-1(a). Under RLUIPA, officials may not substantially burden an individual's religious exercise unless there is a compelling government interest at stake. If such an interest exists, prison officials must use the least restrictive means of achieving it. *Id.* Sovereign immunity shields state officials from monetary damages in their official capacity. *Sossamon v. Texas*, 131 S. Ct. 1651, 1663 (2011). RLUIPA allows for declaratory and injunctive relief, but not compensatory damages, and may be asserted against defendants in their official, but not individual capacities. *Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009).

Plaintiff was transferred to Pontiac in August 2024. (Doc. 14). As a result, Plaintiff's RLUIPA claim against Defendants Williams and Roberts is moot because he is no longer incarcerated at Hill. *Maddox v. Love*, 655 F.3d 709, 716-17 (7th Cir. 2011) (finding that injunctive relief was no longer available because plaintiff was transferred to a different prison). To proceed on a RLUIPA claim, Plaintiff would have to show a realistic possibility that he will be subjected to a continuing constitutional violation or that there is a realistic possibility of his return to Hill. *See Neely-Bey Tarik-El v. Conley*, 912 F.3d 989, 1005 (7th Cir. 2019) (district court must determine likelihood of return to transferring institution); *Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991) (injunctive relief is unavailable unless plaintiff can show an ongoing violation of federal law); *Njie v. Steele*, No. 22-1045, 2023 WL 119582, at *3 (7th Cir. Jan. 6, 2023) (plaintiff did not show he was likely to be transferred back to Hill and denied contact visits).

In his Third Amended Complaint, Plaintiff alleges that he is experiencing ongoing violations of his rights at Pontiac. Plaintiff states that it has been over six months since his arrival at Pontiac, and he still has not received a kosher diet/Sabbath diet. Plaintiff alleges he filed grievances, and Defendant Chief Chaplin Wilhelm is aware of his need for a religious diet. Plaintiff also asserts he is forced to spend his own money to purchase kosher food items from the commissary to adhere to dietary laws. (Doc. 43 at p. 8). The Court finds that Plaintiff has stated a plausible RLUIPA claim against Defendant Wilhelm in his official capacity. Plaintiff claims that Pontiac does not have a chaplain; therefore, Defendant Wilhelm appears to be the proper Defendant who would be responsible for ensuring that any injunctive relief was carried out. *See Oliver. Harner*, No. 14-CV-315-NJR-

6

DGW, 2016 WL 1117084, at *6 (S.D. Ill. Mar. 22, 2016) ("[T]he proper defendants are those who are responsible for ensuring that any injunctive relief is carried out.").

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Third Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on (1) a First Amendment claim against Defendants Wilhelm, Williams, and Roberts, in their individual capacities, for failing to accommodate Plaintiff's requests for a kosher diet at Hill; (2) a First Amendment claim against Defendants Williams and Roberts, in their individual capacities, for failing to accommodate Plaintiff's requests to participate in the Passover meal at Hill in 2023; and (3) a RLUIPA claim against Defendant Wilhelm, in his official capacity as IDOC Chief Chaplain, for failing to accommodate Plaintiff's requests for a kosher diet at Pontiac. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Wilhelm, Williams, and Roberts have returned their executed Waivers of Service of Summons. No waivers need to be issued. Defendants are DIRECTED to file an answer to Plaintiff's Third Amended Complaint within 30 days of this Order.

3) After Defendants file their answers, the Court will enter a Scheduling Order.

4) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED:  4/8/2025

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE